**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 13-1491

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> **FILED**
> Dec 04, 2013
> DEBORAH S. HUNT, Clerk

In re: DOW CORNING CORPORATION, )
　　　　　　　　　　　　　　　　　　)
　　Debtor. )
_____ )
　　　　　　　　　　　　　　　　　　)
BEVERLY J. EZRA, )
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff-Appellant, ) ON APPEAL FROM THE UNITED
　　　　　　　　　　　　　　　　　　) STATES DISTRICT COURT FOR
　　　　　　　　　　　　　　　　　　) THE EASTERN DISTRICT OF
v. ) MICHIGAN
　　　　　　　　　　　　　　　　　　)
DCC LITIGATION FACILITY, )
INCORPORATED, )
　　　　　　　　　　　　　　　　　　)
　　　Defendant-Appellee. )

O R D E R

Before: MOORE and GIBBONS, Circuit Judges; HOOD, District Judge.*

　　　Beverly Ezra, a Nevada citizen proceeding pro se, appeals from the district court's order granting summary judgment in favor of DCC Litigation Facility, Inc. ("DCC"). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

　　　Ezra alleges that she was injured by silicone breast implants containing raw silicone materials manufactured by Dow Corning Corporation. *See In re Dow Corning Corp.*, 86 F.3d 482, 485 (6th Cir. 1996). Ezra alleges that her breast implants, which were implanted in 1984, caused her to suffer a number of diseases, illnesses, and symptoms, including atypical connective tissue disease, organic brain syndrome, diffused arthritis, and a thyroid nodule. Ezra was a member of a large class of breast implant claimants, but she moved to opt out of the settlement and proceed with litigation against DCC.

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Case 1:05-cv-30469-DPH ECF No. 81 PageID.4428 Filed 12/04/13 Page 2 of 4
Case: 13-1491 Document: 006111893931 Filed: 12/04/2013 Page: 2 (2 of 4)

No. 13-1491
- 2 -

DCC sought summary judgment on several bases, including that Ezra failed to present expert testimony establishing general causation for these product liability claims. The district court granted summary judgment in favor of DCC. Ezra appeals.

We review de novo a district court's decision to grant summary judgment. *Lockett v. Suardini*, 526 F.3d 866, 872 (6th Cir. 2008). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a summary judgment motion, all inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party." *Defoe ex rel. Defoe v. Spiva*, 625 F.3d 324, 330 (6th Cir. 2010).

In federal diversity actions, state law governs substantive issues. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Michigan, as elsewhere, "[i]t is usually held that in order to state a negligence claim on which relief may be granted, plaintiffs must prove (1) that defendant owed them a duty of care, (2) that defendant breached that duty, (3) that plaintiffs were injured, and (4) that defendant's breach caused plaintiffs' injuries." *Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 688 (Mich. 2005). "Under Michigan products liability law, as part of its prima facie case, a plaintiff must show that the manufacturer's negligence was the proximate cause of the plaintiff's injuries. . . . [which] actually entails proof of two separate elements: (1) cause in fact, and (2) legal cause, also known as 'proximate cause.'" *Skinner v. Square D Co.*, 516 N.W.2d 475, 479 (Mich. 1994) (emphasis omitted) (quoting *Moning v. Alfono*, 254 N.W.2d 759, 764 (Mich. 1977)); *see* Mich. Comp. Laws § 600.2945–.2949a.

Despite DCC's assertions otherwise, Michigan law contains no requirement that "the plaintiff must establish both general and specific causation through proof that the toxic substance is capable of causing, and did cause, the plaintiff's alleged injury." *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676-77 (6th Cir. 2011) (relying on Ohio law). The only Michigan case cited for this proposition is unpublished and relies on federal district court case law based on law outside of Michigan. *See Trice v. Oakland Dev. Ltd. P'ship*, 2008 WL 7488023, at *11 (Mich. Ct. App. Dec. 16, 2008). Instead, Michigan courts have explicitly rejected the requirement that a plaintiff prove both general and specific

No. 13-1491
- 3 -

causation.  *Genna v. Jackson*, 781 N.W.2d 124, 128-29 (Mich. Ct. App. 2009).  In the absence of any binding authority that Michigan law requires proof of general causation in a products liability action, we decline to impose such a requirement.  The district court erred in imposing such a requirement as its basis for granting summary judgment to DCC in this case.

Accordingly, we vacate the district court's order granting summary judgment in favor of DCC and remand for further proceedings.  We deny Ezra's motion for the appointment of counsel.

ENTERED BY ORDER OF THE COURT

Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 04, 2013

Ms. Beverly J. Ezra
3201 S. Mojave Road
Unit #311
Las Vegas, NV 89121

Mr. Timothy J. Jordan
Garan Lucow Miller
1000 Woodbridge Street
Detroit, MI 48207

        Re: Case No. 13-1491, *Beverly Ezra v. DCC Litigation Facility, Inc.*
            Originating Case No. : I:05-cv-30469

Dear Sir or Madam,

  The Court issued the enclosed (Order/Opinion) today in this case.

                      Sincerely yours,

                      s/Laura A. Jones
                      Case Manager
                      Direct Dial No. 513-564-7023

cc: Mr. John Donley
    Ms. Sarah Joy Donnell
    Mr. Robert D. Goldstein
    Mr. David J. Weaver

Enclosure

Mandate to issue